**UNITED STATES of America**

v.

**Rodolfo OJITO.**

**No. 5:98–CR–81 WDO.**

United States District Court,
M.D. Georgia,
Macon Division.

Mar. 8, 1999.

---

**1012**

William A. Matos III, Macon, GA, for Defendant.

Barbara G. Parker, Michael T. Solis, Macon, GA, for U.S.

### ORDER

OWENS, District Judge.

Before the court is defendant Rodolfo Ojito's Motion to Suppress evidence obtained in a search of the automobile he was driving. The court held a hearing on the motion in Macon on January 15, 1999. Having carefully considered the matter, the court issues the following order.

#### Facts

Deputy Scott Whitwell was conducting traffic enforcement on I–75 on August 13, 1998, when he noticed defendant Ojito's automobile, a 1991 Toyota Camry, traveling at what deputy Whitwell considered to be an unusually slow speed. Ojito was traveling 54 mph in a 70 mph zone. Whitwell followed Ojito for less than two miles before observing Ojito partially exit the center lane into the right lane. Upon observing the traffic violation, Whitwell stopped the defendant. While Whitwell awaited the reply on Ojito's license and criminal history check and on account of Ojito's nervous demeanor and cracked voice, he allowed his narcotics detection dog to walk around the exterior of the vehicle. The dog alerted on the automobile. Based on Ojito's demeanor and the dog's alert, Deputy Whitwell requested consent to search the vehicle. After receiving permission, Whitwell discovered what he believed to be one kilogram of cocaine inside the rear door frame. Ojito was placed under arrest and transported to the Butts County Detention Center.

Defendant argues that the evidence seized should be suppressed because the stop was pretextual and, therefore, any evidence obtained was unconstitutional. Defendant relies on *United States v.. Miller*, 821 F.2d 546 (11th Cir.1987), which held that a stop was unconstitutional when an officer began to follow an automobile after observing it traveling 55 mph, then observed the defendant cross the line between two lanes. The officer immediately requested consent to search based on defendant's nervous demeanor. *Id.* The Court of Appeals held that the stop was initiated because the defendant matched the appearance of a courier profile instead of for the traffic violation. *Id.* The Court ruled that the pretextual stop was unconstitutional. *Id.* However, the Supreme Court has addressed, head on, the issue of pretextual stops in *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996). In *Whren*, the court held that an officer's subjective intent in stopping an individual (pretext) is irrelevant if the defendant violates a traffic law. *Id.* In this instance, the defendant

did violate a traffic law, weaving. O.C.G.A. § 40–6–48(1). Although defendant argues that one may change lanes without signaling if the change may be accomplished without endangering anyone else, no evidence is presented to support or refute the safety of defendant's choice to change lanes. At the suppression hearing, Whitwell testified that he could not determine whether the lane change could be made safely because he was watching the defendant's actions not the traffic approaching. The defendant has produced no evidence that he had ascertained the safety of a lane change and pursued such a course. Furthermore, defendant did not completely change lanes, he partially exited the center lane into the right lane only to return to the center lane. The defendant did not complete the lane change; he simply weaved. Whether the defendant's behavior is construed as an improper lane change or weaving, Deputy Whitwell was justified in stopping defendant Ojito for the violation and any pretextual intent that Whitwell may have had to stop Ojito is irrelevant.

After Whitwell effectuated the valid stop, he was justified, based on Ojito's nervous demeanor and cracked voice, in walking the dog around the car while he processed the violation (within a reasonable time). Ojito's demeanor combined with the alert by the dog gave Whitwell a reasonable basis to request consent from Ojito to search the vehicle. Since Ojito had already stated that he understood English reasonably well and no other evidence is presented that Ojito's consent was not voluntary, Ojito's consent to the search operates as an exception to the warrant requirement for a search. Accordingly, the search of Ojito's automobile and subsequent discovery of contraband was not unconstitutional and evidence produce therefrom should not be suppressed. Defendant's Motion to Suppress the evidence is **HEREBY DENIED.**